# FRENCH *v.* DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; POLICE REGULATIONS; ANIMALS.

1. The regulation of the keeping and running at large of dogs in a city being peculiarly within the scope of the police power of the municipality, the exercise of authority on the subject by the commissioners of the District of Columbia by police regulations will not be questioned unless clearly inconsistent with the expressed will of Congress.

2. Art. 7, police regulations of the District of Columbia, providing for the punishment of any owner or custodian of an unmuzzled dog, who allows it to go at large when the commissioners have, by proclamation, required all dogs running at large to be muzzled,—promulgated under the authority of the act of Congress of January 26, 1887 (24 Stat. at L. 368, chap. 49), empowering the commissioners to regulate the keeping and running at large of dogs in the District of Columbia,—is not inconsistent with the act of Congress of June 19, 1878 (20 Stat. at L. 173, chap. 322, U. S. Comp. Stat. 1901, p. 397), authorizing the commissioners to make such proclamation, and providing for the impounding of unmuzzled dogs allowed to go at large during the period covered by the proclamation; and is a reasonable and valid police regulation.

No. 1952. Submitted October 23, 1908. Decided November 4, 1908.

IN ERROR to the Police Court of the District of Columbia.
*Affirmed.*

The facts are stated in the opinion.

*Mr. Chauncey Hackett* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the defendant in error.

Mr. Justice Robb delivered the opinion of the Court:

This is a writ of error to the police court of the District of Columbia, and challenges the validity of a police regulation of the District authorizing punishment, by fine of not less than $5 nor more than $20, of anyone convicted of permitting a dog to run at large without being securely muzzled.

Sec. 7 of the act of June 19, 1878 (20 Stat. at L. 173, chap. 322, U. S. Comp. Stat. 1901, p. 397), imposes upon the commissioners of the District, when they have good reasons to believe any dog or dogs within the District are mad, the duty of issuing a proclamation requiring that all dogs for a stated period shall be securely muzzled. The section further provides that any dog going at large during the period defined by the commissioners without such muzzle shall be impounded by the pound master subject to sec. 3 of said act. Said sec. 3 provides for the redemption, sale, or destruction of such dogs.

The act of January 26, 1887 (24 Stat. at L. 368, chap. 49), specifically empowered the commissioners "to regulate the keeping and running at large of dogs and fowls" in the District. Subsequently article 7 of the police regulations of the District was adopted, wherein it is provided that any person owning or having the custody of a dog, who permits it to go at large without being securely muzzled when the commissioners, by proclamation, have required all dogs going at large in the District to be so muzzled, shall, on conviction, be punished by a fine of not less than $5 nor more than $10.

On June 16, 1908, the commissioners issued a proclamation requiring every dog in the District for a period of six months to be securely muzzled.

Plaintiff in error, Cecil French, contends that the act of 1878 constituted exclusive exercise of the power of Congress to regulate the muzzling of dogs in the District, and that, therefore, said police regulation is void.

It is true that the act of 1878 is comprehensive in its scope, and that no authority is therein given the commissioners to punish those who disregard a proclamation requiring the muz-

zling of dogs.  Evidently, however, Congress deemed it wise to enlarge the authority of the commissioners, for the act of 1887, above referred to, specifically gives them authority *to regulate,* that is, to control, the keeping and running at large of dogs in the District.  If that act means anything, it authorizes the regulation under which this prosecution was brought.  The act of 1878 operated on the unmuzzled dog, but not on his owner or keeper.  This regulation, by punishing the owner or keeper of such a dog, supplements and renders more effective the act of 1878, and is not inconsistent therewith.  Moreover, the act of 1878 was before Congress when it passed the act of 1887, authorizing the commissioners to regulate the keeping and running at large of dogs.  It is to be presumed that Congress was not doing an idle thing, but was clothing the commissioners with additional authority.  The subject being peculiarly within the scope of the police powers of the municipality, the exercise of authority ought not to be questioned unless clearly inconsistent with the expressed will of Congress.

The police regulation in question being fairly within the scope of the authority conferred by said act of 1887, and not being inconsistent with the act of 1878, which is still in force, must be held to be a valid exercise of power by the commissioners.

The judgment must be affirmed.                    *Affirmed.*